IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 13-00431-01-CR-W-DW |
| ) | |
| MEIGEL M. CRADDOCK, ) | |
| ) | |
| Defendant. ) | |

## REPORT & RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's Motion to Dismiss (Doc. No 50). Defendant moves the court to dismiss the Indictment against him, alleging that the Kansas City, Missouri police detective who testified before the grand jury committed perjury. For the following reasons, Defendant's motion should be denied.

I. BACKGROUND

An indictment was returned on December 11, 2013, charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On October 31, 2014, Defendant filed the instant motion to dismiss (Doc. No. 50). The Government responded on December 8, 2014 (Doc. No. 54). Defendant then scheduled a change of plea hearing, with part of the agreement being that he would withdraw his motion to dismiss. On December 29, 2014, the change of plea hearing was cancelled; counsel notified the Court that a ruling on Defendant's motion was once again necessary. The case was placed on the January 2014 docket and defense counsel

1

waived the fourteen-day objection period to this Report and Recommendation.

## II.    LEGAL ANALYSIS

In support of his motion to dismiss, Defendant advances the following facts:

> 2.    Officer Chris Gilio was the Affiant at the Grand Jury hearing on December 11, 2013.  Officer Gilio first recited the report written by the initial arresting officer, Officer Pritchard.
> 3.    Officer Gilio testified that Mr. Craddock was in his squad car being transported to a federal detention facility, the day after his arrest.  Officer Gilio testified that Mr. Craddock made unsolicited statements.  Officer Gilio stated, in the grand jury proceeding, that Mr. Craddock told him that the key to the stolen car found in his pocket had been tossed to him by some guy.  Officer Gilio further testified that Mr. Craddock told him the gun was his cousin's and that the cousin had committed a murder and was wanted in Kansas City.
> 4.    Mr. Craddock submits that Officer Gilio's statements were false.

(Doc. No. 50).

"Perjury requires that a person knowingly make false declarations, that is, made such statements intentionally and voluntarily as distinguished from mistakenly, accidentally or inadvertently."   United States v. Levine, 700 F.2d 1176, 1180 (8th Cir. 1983).   See also United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985).   The Eighth Circuit has held that "misstatements or mistakes alone" do not "justify the dismissal of an indictment on its face."   Levine, 700 F.2d at 1180.   See also United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999); Johnson, 767 F.2d at 1275.

Defendant has not presented the Court with evidentiary support for the position that Detective Gilio presented perjured testimony to the grand jury.   Even if statements were shown to be perjurious, dismissal of the indictment is not required "[a]s long as there is some competent evidence to sustain the charge issued by the Grand Jury."

2

Levine, 700 F.2d at 1180. See also Moore, 184 F.3d at 794; Johnson, 767 F.2d at 1275. Review of Detective Gilio's grand jury testimony reveals there was sufficient evidence for the grand jury to return an indictment. Specifically, Detective Gilio's summarized the report of the Kansas City police officer who arrested Defendant and recovered the gun (Doc. No. 54-1, pp. 2-5). Detective Gilio further testified that Defendant had prior felony convictions ((Doc. No. 54-1, p. 8) and that the firearm was manufactured in Austria (Doc. No. 54-1, p. 9).

### III. CONCLUSION

As a result, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 30, 2014