IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-00431-01-CR-W-DW |
| MEIGEL M. CRADDOCK, | |
| Defendant. | |

**GOVERNMENT'S MOTION TO DISMISS**
**INDICTMENT PURSUANT TO FED. R. CRIM. P. 48(a)**

Comes now the United States of America, by Tammy Dickinson, United States Attorney and D. Michael Green, Assistant United States Attorney, both for the Western District of Missouri, and files its Motion To Dismiss Indictment Pursuant to Fed. R. Crim. P. 48(a). The government states the following in support:

On December 11, 2013, an indictment was returned charging the defendant, Meigel M. Craddock, with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The defendant filed a motion to suppress the evidence and following an evidentiary hearing this motion was denied. The case proceeded to trial and on January 21, 2015, the jury convicted the defendant. On November 16, 2015, the court sentenced the defendant to 250 months imprisonment.

The defendant appealed his conviction and sentence to the Eighth Circuit. The defendant's basis for challenging his conviction was the denial of his motion to suppress evidence. On November 8, 2016, the Eighth Circuit reversed the defendant's conviction, holding that his motion to suppress evidence should have been granted. *See United States v. Craddock*, 841 F.3d 756, 759 (8th Cir. 2016). The court remanded the case back to the district court for proceedings not inconsistent with its opinion.

At a status conference held in December 2016, the government announced its plan to retry defendant on the basis that the evidence seized from the vehicle, i.e., the gun and DNA swabs taken from the vehicle's steering wheel, would have been inevitably discovered. On January 11, 2017, the defendant filed a motion to suppress arguing that the government was precluded from raising this theory of admissibility in a second trial because it had failed to raise it in the initial proceedings.

The government has conducted an independent review of relevant case law and has concluded that the defendant's position that the government is precluded from raising in a second trial an alternative theory of admissibility is correct. In *United States v. Duchi (Duchi II)*, 944 F.2d 391, 392-93 (8th Cir. 1991), the court held that the government which had initially asserted one theory of admissibility of seized evidence was precluded after remand from asserting inevitable discovery as an alternative theory of admissibility. The court held that if "alternative grounds for admission existed, then the Government should have presented those theories in the prior case." *Id*. at 393.

The government did not raise before the district court in the first case inevitable discovery of the gun and DNA from the vehicle as an alternative theory of admissibility. Therefore, Eighth Circuit precedent indicates that the government is precluded from raising it as an alternative theory of admissibility in a second trial. Given the current situation, the government no longer has a prosecutable case and therefore must dismiss the indictment against the defendant.

## CONCLUSION

WHEREFORE, for the forgoing reasons and authorities, the government respectfully requests leave pursuant to Fed. R. Crim. P. 48(a) to dismiss the indictment against the defendant.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By  */s/D. Michael Green*

D. Michael Green, #36738
Assistant United States Attorney
Narcotics & Violent Crimes Unit

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 19, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

Ronna Holloman-Hughes
Assistant Federal Public Defender
Federal Public Defender's Office
818 Grand Boulevard, Suite 300
Kansas City, Missouri 64106

/s/D. Michael Green
D. Michael Green
Assistant United States Attorney